42 P.(2d) 772

**STATE v. COATS.**

No. 4059.

Supreme Court of New Mexico.

March 26, 1935.

Rehearing Denied April 9, 1935.

Neal & Neal, of Carlsbad, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

SADLER, Chief Justice.

The defendant was convicted of voluntary manslaughter and appeals. He had been residing for a year or two prior to the homicide at the home of his sister-in-law, where the latter operated a filling station. The deceased, one Sam A. Johnson, had worked for the sister-in-law for about seven months preceding the homicide, and resided at her home. There had been recent trouble between the deceased and his employer, resulting in the deceased's discharge. The defense introduced evidence of threats on the part of deceased toward the defendant and other members of the Coats household. The slaying occurred in the house where defendant resided with his sister-in-law and her small child.

Upon the night in question, the deceased, following his recent discharge by Mrs. Jim Coats, defendant's sister-in-law, came to her house about 9 o'clock p. m. for the purpose of getting a stove and some personal effects which he had left there. After he had placed in his automobile a bedroll and certain of his effects, he began taking down a stove belonging to him but then in use. A personal altercation ensued, in the course of which defendant slew deceased with shots fired from a rifle. Defendant sought acquittal under a plea of self-defense.

His first complaint is of the court's refusal to give his specially requested instruction No. 11 bearing upon an accused's right in the light of communicated threats to act in defense of his life or person when assaulted or about to be assaulted by the author of such threats. The language of the requested instruction relates mainly to the reasonableness of apprehended danger.

A careful study of the trial court's instructions upon the law of self-defense and the effect of communicated threats under such a plea, particularly as set forth in instructions 16, 17a, and 20, satisfies us that the defendant suffered no prejudice in the refusal of this requested instruction. The trial court covered the subject fully and fairly, and in its own language gave defendant the benefit of all he claims for his requested instruction.

Error is next predicated upon the trial court's refusal to give defendant's specially requested instruction No. 6 relating to the defense of habitation. The case of State v. Bailey, 27 N. M. 145, 198 P. 529, 534, is relied upon in support of a right to the requested instruction. It does not furnish the needed support. Although an instruction had there been given which commingled, as this court noted, the two doctrines, viz., self-defense and defense of habitation, we rejected the claim of error incident to the giving of such in-

struction because neither doctrine found response in the evidence.

The same is true here as to the doctrine of defense of habitation. Unless the mere circumstance that the encounter takes place in the habitation of an accused ex proprio vigore raises the defense, which is not the case, then the law governing defendant's right of self-defense is no different from what it would have been had the killing occurred outside and removed from defendant's house. State v. Bailey, supra.

Here there is no evidence that deceased was an intruder. Testimony from the lips of defendant's own witnesses discloses that, when deceased's presence became known, he was tacitly invited to proceed in the removal of his personal belongings, the errand which had brought him there. Nor does the evidence suggest that defendant, at the time of the fatal encounter, was seeking to expel deceased from his house. According to his own testimony, he was merely defending himself from an assault made upon him by deceased in an encounter arising after a quiet and peaceful entry by deceased. In the Bailey Case we said: "But it is not true that a man may kill another in his house when under the same circumstances of danger, or apparent danger, to person or property, he would not be justified in killing outside his house."

True, we adverted to the fact that appearances are not always so plain and unmistakable in assaults upon or in dwellings as in personal encounters outside, and that apparently under authorities cited a greater latitude was allowable to a man in his own house in taking life. But we declared the principle governing action to be the same in both cases. Since the evidence in this case does not raise the defense, we think defendant not prejudiced by the refusal of his specially requested instruction. The instructions upon the law of self-defense were ample, and gave defendant all he was entitled to in this behalf.

We find no error in the remaining points advanced and argued. The trial court may properly allow counsel when surprised to propound leading questions to an unwilling or hostile witness. And, the objection being without merit that testimony given at a coroner's inquest is incompetent as a basis for impeachment or to refresh recollection, because jurisdiction of the particular inquest may have been wanting, it is immaterial that harm results to defendant's cause from the use of such former testimony for the purposes indicated.

Deeming defendant to have had a fair trial, the judgment of the lower court will be affirmed. It is so ordered.

HUDSPETH, BICKLEY, WATSON, and ZINN, JJ., concur.